IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DISCOVERY EDUCATION, INC.,

    *Plaintiff*,

    v.

SCHOOLSPLP, LLC,

    *Defendant*.

No. 1:20-cv-1623-SB

Steven L. Caponi, Matthew B. Goeller, K&L GATES LLP, Wilmington, Delaware; Anna Shabalov, K&L GATES LLP, Pittsburgh, Pennsylvania.

*Counsel for Plaintiff.*

Adam V. Orlacchio, Brandon W. McCune, BLANK ROME LLP, Wilmington, Delaware; Jason A. Snyderman, Huaou Yan, BLANK ROME LLP, Philadelphia, Pennsylvania.

*Counsel for Defendant.*

**MEMORANDUM OPINION**

June 4, 2021

BIBAS, *Circuit Judge*, sitting by designation.

It is illegal to access a secured computer system without authorization—but only if you know you lack authorization. Because Discovery Education did not plausibly allege that knowledge here, I will dismiss most of its claims without prejudice.

Discovery runs an online learning platform. It let a competitor, Lincoln Learning, use its platform, but told Lincoln it could not resell access to other companies. Yet Lincoln apparently did that anyway, giving access to another competitor, SchoolsPLP. Discovery is now suing SchoolsPLP. SchoolsPLP has moved to dismiss.

I will grant the motion in part. To win three of its claims, Discovery must show that SchoolsPLP knew it was banned from Discovery's platform. Yet SchoolsPLP never dealt directly with Discovery. So SchoolsPLP could have known about the ban only through Lincoln. But Discovery pleads no details about what Lincoln told SchoolsPLP. So I will dismiss those three claims.

I will dismiss a fourth claim because Discovery failed to allege that SchoolsPLP damaged its platform. But since Discovery plausibly alleged that SchoolsPLP interfered with a business opportunity, a fifth claim survives.

## I. BACKGROUND

Discovery markets its platform directly to school districts. Compl. ¶¶ 16, 21. But it also sells access to other online learning companies, who then bundle the platform together with their own products. *Id.* ¶ 22. One of those companies was Lincoln. *Id.* ¶ 23. Discovery claims that under its contract with Lincoln, Lincoln could let a limited number of schools and students use the platform. *Id.* ¶ 25. But Lincoln could not resell access to another learning company. *Id.* ¶ 27.

2

Yet somehow, SchoolsPLP got access to the platform anyway. When SchoolsPLP bid against Discovery for a contract with Alabama schools, it claimed that it could give Alabama students access to Discovery's platform as well as its own. *Id.* ¶ 44. SchoolsPLP won the Alabama contract (and others). *Id.* ¶¶ 41, 50. It then allegedly gave Alabama schools some logins to Discovery's platform. *Id.* ¶ 45. Discovery does not say exactly how SchoolsPLP got those logins. But it claims the logins were the same ones it had given Lincoln—logins Lincoln was banned from reselling to companies like SchoolsPLP. *Id.* ¶ 45.

Discovery has sued SchoolsPLP (but not Lincoln) for using its platform without authorization. It sues under two federal laws, the Lanham Act and the Computer Fraud and Abuse Act (CFAA). It also brings four state-law claims.

SchoolsPLP has moved to dismiss the two CFAA claims plus three of the state-law claims (tortious interference with contract, tortious interference with prospective business relations, and trespass to chattels). The parties have stipulated that I may apply Delaware law in resolving this motion. D.I. 17.

## II. THE CFAA AND TORTIOUS INTERFERENCE WITH CONTRACT CLAIMS FAIL

Discovery brings two CFAA claims based on SchoolsPLP's using the platform and reselling the logins without authorization. It also claims that SchoolsPLP tortiously interfered with its contract with Lincoln. Discovery concedes that to win these claims, it must prove that SchoolsPLP *knew* it could not buy the logins from Lincoln and resell them. D.I. 14, 9–11; *see* 18 U.S.C. § 1030(a)(5)(C), (a)(6); Restatement (Second) of Torts § 766 (1979).

3

Discovery has not plausibly alleged that. It hints that SchoolsPLP did not *steal* the logins from Lincoln. Compl. ¶ 60. This suggests that SchoolsPLP bought them. But SchoolsPLP was forbidden to use the Lincoln logins only because Lincoln's contract with Discovery said so. Yet Discovery offers no evidence that SchoolsPLP knew of that limit.

Still, Discovery reasons, SchoolsPLP *must* have known, since it "is common practice in the [online education] industry" to limit the "use and sharing of log-in credentials with third parties." *Id.* ¶ 58. But even if SchoolsPLP knew that there were some limits on Lincoln, it did not plausibly know what those limits were. After all, Lincoln had to be able to resell the logins to *someone*—it did not buy them to learn math. To know that Lincoln could resell the logins only to students, SchoolsPLP would have needed to know the terms of Lincoln's private contract with Discovery. Discovery offers no details that suggest SchoolsPLP did.

Discovery also argues that in reselling the logins, Lincoln violated the platform's *public* terms of use—and that SchoolsPLP must have known at least that. *Id.* ¶ 31. But even if SchoolsPLP had read those terms, it would not have plausibly thought they covered Lincoln. The terms said that the platform was for "education and research purposes only," and that *users* must keep login information "strictly confidential." *Id.* ¶¶ 29–30. These rules were clearly directed at end users like students, not resellers like Lincoln.

## III. THE TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS CLAIM SURVIVES

Discovery also sues for tortious interference with prospective business relations. It claims that SchoolsPLP, by telling customers it could get them access to Discovery's platform, dissuaded them from dealing with Discovery. To bring this claim, Discovery must plausibly allege that SchoolsPLP intentionally interfered with "a reasonable probability of a business opportunity." *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 608 (Del. Ch. 2010). (The claim has other elements too, like intent. But I need not address them because SchoolsPLP does not discuss them.)

Discovery's claim is plausible. SchoolsPLP won the Alabama contract after allegedly claiming that it could get Alabama students access to Discovery's platform. Compl. ¶¶ 44, 46–47. When Discovery learned of this and cut the students off, Alabama urged Discovery and SchoolsPLP to work out a deal so that the students could keep using the platform. *Id.* ¶¶ 48, 65. This suggests that access to Discovery's platform was an important factor in Alabama's decision of which bid to accept. If the state had realized that it needed to accept Discovery's bid to get that access, there is a reasonable chance it would have chosen Discovery. So the business-relations claim survives.

## IV. THE TRESPASS CLAIM FAILS

Finally, Discovery sues for trespass to chattels. It claims that SchoolsPLP trespassed on the platform by using it without authorization. The parties debate whether "chattels" must be tangible, or whether a website can be a "chattel." A few state courts have said so, though no Delaware court has.

Even if a Delaware court would extend the tort, Discovery's claim would fail. A plaintiff may not recover for trespass to chattels unless "the chattel [wa]s impaired as to its condition, quality, or value." Restatement (Second) of Torts § 218. Thus, according to most courts that have extended the tort, a plaintiff must show that the trespasser "caused or threatened to cause damage to [its] computer system, or injury to its rights in that personal property." *Intel Corp. v. Hamidi*, 71 P.3d 296, 303 (Cal. 2003); *see, e.g.*, *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 359 (4th Cir. 2006) (affirming summary judgment against a trespass claim because the plaintiff "failed to submit any evidence that [the trespass] placed a meaningful burden on the company's computer system or even its other resources").

Even if Delaware courts treated websites as chattels, they likely would still require plaintiffs to show that their website was harmed. But though SchoolsPLP allegedly harmed Discovery's business interests, Discovery has not alleged that it damaged the actual website (by slowing it down, for example). So I will dismiss the trespass claim.

\* \* \* \* \*

Discovery has not plausibly alleged its CFAA, tortious interference with contract, and trespass claims. I will dismiss them without prejudice. But it has plausibly alleged tortious interference with a business opportunity. So that claim survives. I will grant the motion in part.